## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORGE L. CONCEPCION,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-3434** |
| | : | |
| **TONYA B.,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**BAYLSON, J.**                                                 **October 5, 2021**

      Jorge L. Concepcion filed this civil action against two employees of Keenan House, "Kirsten K." and "Tonya B." who is identified as the "Clinical Director." (ECF No. 2 at 1-2.)[1] Concepcion also seeks leave to proceed *in forma pauperis*. The Court will grant Concepcion leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

## I.    FACTUAL ALLEGATIONS

      Concepcion alleges that the events giving rise to his claims took place in the first week of May and the first week of June of 2021, while he was living at Keenan House. (*Id.* at 3.) He alleges that Kirsten K. opened his legal mail outside his presence without his consent, and that, as a result, he was "subjected to harassment, intimidation, threats and mocking." (*Id.* at 4-5.) Concepcion also claims he was denied access to the courts and to his attorney based on Kirsten K.'s instruction. (*Id.* at 4.) Concepcion called the clinical director's office and was informed that he would not be able to contact his attorney or the courts "without disclosing to the staff,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Kirsten K and Tonya 'clinical director' the nature or content of what [he] wanted to talk to [his] attorney about."  (*Id.*)

Concepcion allegedly pushed back, informing Kirsten and Tonya that he had a right to call his attorney without disclosing the nature of their communications.  (*Id.*)  He claims that by doing so, the "harassment, intimidation and mocking" got worse.  (*Id.*)  Among other things, Concepcion claims that Kirsten "harassed [him] and intimidated [him] by calling [his] P.O Brandy Beck and fabricating malicious lies that weren't true, to intimidate [Concepcion] and prevent [him] from notifying [his] attorney, the courts and family."  (*Id.* at 5.)  Concepcion also claimed that he was threatened with being "kicked out of Keenan House, which is a drug rehab that I have been mandated to and would result in my going to prison."[2]  (*Id.* at 4.)  According to Concepcion, Tonya was Kirsten's supervisor and was aware of her behavior but did nothing to stop it and, rather, condoned it.  (*Id.* at 5-6.)

The Court understands Concepcion to be raising federal claims, pursuant to 42 U.S.C. § 1983, for violation of his constitutional rights based on Kirsten and Tonya's alleged interference with his mail and his ability to contact his attorney and the courts, as well as the harassment he claims to have endured at Keenan House.  (*Id.* at 2 (indicating Concepcion's desire to raise "federal questions"); *id*. at 5 (alleging that Kirsten and Tonya's actions "were clearly in violation of my constitutional rights").)  Concepcion did not sustain any physical injuries as a result of the Defendants' conduct, but claims that the "harassment, intimidation, threats, humiliation and deprivation resulted in mental and emotional anguish, which resulted in fear, loss of sleep[,] loss

---

[2] Although the Complaint alleges that Concepcion was threatened with being sent back to jail, it does not appear that he was ever charged with violating his probation, removed from Keenan House, or reincarcerated.

of appetite and hinderance in [his] recovery process." (*Id.* at 8.)  Concepcion primarily seeks damages.  (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Concepcion leave to proceed *in forma pauperis*.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Concepcion is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[3] Concepcion was directed to submit a certified copy of any institutional account statement for the six-month period preceding the filing of this case in accordance with 28 U.S.C. § 1915(a)(2).  (ECF No. 4.)  He responded with a notice of change of address, reflecting that he is currently residing at a street address in Allentown, (ECF No. 6), and an Affidavit attesting to the fact that he did not have any funds while incarcerated at the Lehigh County Jail from January 2021 through April 15, 2021, and that no account statement exists for the period when he was living at Keenan House, from April 15, 2021 through July of 2021, (ECF No. 7).  Since it appears he is incapable of either obtaining the requested documentation or prepaying the fees to commence this civil action, the Court will grant him leave to proceed *in forma pauperis*.

## III.  DISCUSSION

Concepcion has not stated a plausible basis for his § 1983 claims because he has not alleged plausibly that the Defendants are state actors subject to liability under that statute.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."  *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).  "Action taken by private entities with the mere approval or acquiescence of the State is not state action."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).  Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'"  *Borrell v.*

*Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Concepcion's Complaint is devoid of allegations from which the Court could conclude that the Defendants, who are employees at Keenan House, are state actors.  He alleges that he was "mandated" to reside at Keenan House for drug rehabilitation and that if he had been kicked out of Keenan House he would be sent back to jail.  (ECF No. 2 at 4.)  These allegations are insufficient to establish that the Defendants are state actors for purposes of § 1983.  *See Daniels v. Nw. Hum. Servs*, No. 20-1736, 2021 WL 4166285, at *2 (3d Cir. Sept. 14, 2021) (*per curiam*) (affirming dismissal of lawsuit against residential rehabilitation center and its employees where plaintiff alleged only that "Douglas House is a community residential rehabilitation residence under operation of [Northwestern Human Services] who is from my knowledge integrated working with the City of Philadelphia and its prison institutions and the state as well.  People from the state jails are often sent to these [residential centers] for programs"); *Smith v. Alternative Counseling Servs.*, Civ. A. No. 21-0076, 2021 WL 492513, at *3 (E.D. Pa. Feb. 10, 2021) ("Based on the allegations of the Complaint, it appears that these Defendants – a privately run halfway house, its owner, and its employees – are not subject to liability under § 1983."); *Veeder v. TRI-CAP*, Civ. A. No. 17-11690, 2020 WL 1867212, at *5 (E.D. Mich. Jan. 30, 2020), *report and recommendation adopted*, 2020 WL 967481 (E.D. Mich. Feb. 28, 2020) ("'[C]ourts have consistently held that drug treatment facilities that treat individuals pursuant to a condition of parole are not performing a public function.'") (quoting *Porter v. Game*, Civ. A. No. 19-1408, 2020 WL 127580, at *2 (E.D.N.Y Jan 9, 2020)).  Since Concepcion has not alleged plausibly that the Defendants are state actors, the Court will dismiss his Complaint because it does not state a claim under § 1983.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Concepcion leave to proceed *in forma pauperis* and dismiss his Complaint.  The dismissal will be without prejudice to Concepcion filing an amended complaint in the event he can allege facts to establish that the Defendants are state actors subject to liability under § 1983.  An appropriate Order follows.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**_____**

**MICHAEL M. BAYLSON, J.**